# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

No. 16-30094

December 20, 2016

Lyle W. Cayce
Clerk

CANTU SERVICES, INCORPORATED, a Texas Corporation,

     Plaintiff - Appellant

v.

MELVIN LEE FRAZIER; RENEE ELLENDER ROBERIE, Individual and Official Capacity; CURT EYSINK, Individual and Official Capacity; KEVIN MONK, Individual and Official Capacity; JANELL BOSARGE, Individual and Official Capacity; MARK S. MARTIN, Individual and Official Capacity,

     Defendants - Appellees

Appeals from the United States District Court
for the Western District of Louisiana

Before WIENER, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:*

The Randolph-Sheppard Act requires the federal government to prefer hiring blind people as operators of "vending facilities" on federal property. *See* 20 U.S.C. § 107. Under the Act, the State of Louisiana licenses "blind vendors" as facility managers. *See generally* § 107a(a)(5) (authorizing a designated state agency "to issue licenses to blind persons [to operate] vending facilities on

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30094

Federal and other property"). When the government solicits bids for vending services, it invites the State, working with a blind vendor, to participate. The government will award the State and its vendor the contract if they submit a bid "to provide food service at comparable cost and of comparable high quality as that available from other providers[.]" 34 C.F.R. § 395.33.

The United States Army maintains a contract under the Randolph-Sheppard Act for its cafeteria needs at Fort Polk, a training center in Leesville, Louisiana. Historically, because of the complexity of this arrangement, Fort Polk's blind vendor has worked with a "teaming partner"—another person or entity that specializes in managing large-scale food services contracts. From 2001 to 2012, Cantu Services, Inc. served as the teaming partner to the blind vendor at Fort Polk.

In 2011, the State of Louisiana selected Melvin "Lee" Frazier as its blind vendor for future bids on the cafeteria contract at Fort Polk. When the State selected a different teaming partner to work with Frazier, Cantu Services sued, asserting due process and equal protection claims against the State Officials responsible for the decision and a breach-of-contract claim against Frazier. After two rounds of briefing, the district court granted summary judgment on the constitutional claims against the State Officials. After two days of trial, the district court granted Frazier's motion for judgment as a matter of law on the breach-of-contract claim.

Based on our review of the briefs, the applicable law, the record, and the arguments of counsel, we AFFIRM the judgment of the district court.[1]

---

[1]     We deny the State Officials' pending motion to dismiss as moot.